UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEBRA D. WILLIAMS,

   Plaintiff,

v.

MIDFIRST BANK,

   Defendant.

Case No. 4:20-cv-00339

## COMPLAINT

NOW COMES Plaintiff, DEBRA D. WILLIAMS, through undersigned counsel, complaining of Defendant, MIDFIRST BANK, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. DEBRA D. WILLIAMS ("Plaintiff") is a natural person, over 18-years-of-age, residing in Katy, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. MIDFIRST BANK ("MidFirst Bank") is a federally chartered savings association.

1

9. MidFirst Bank has its principal place of business 501 Northwest Grand Boulevard, Oklahoma City, Oklahoma 73118.

10. MidFirst Bank is a "person" as defined by 47 U.S.C. § 153(39).

11. MidFirst Bank is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5482.

13. At all times relevant, Plaintiff's number ending in 5482 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. On April 2, 2007, Plaintiff executed a Deed of Trust (the "Security Instrument") in favor of West Oaks Financial, Ltd.

16. The Security Instrument secured the purchase of Plaintiff's personal residence located at 24639 Lakecrest Bend Drive, Katy, Texas 77493 (the "Property").

17. The Security Instrument secured the repayment of the indebtedness evidenced by a promissory note in the amount of $168,094.00 (the "Loan").

18. Subsequently, MidFirst Bank acquired mortgage servicing rights to the Loan.

19. Plaintiff defaulted on the Security Instrument by failing to make monthly installments due under the Loan.

20. In September 2019, Plaintiff started to receive phone calls from Midland Mortgage's collection department.

21. Midland Mortgage is a division of MidFirst Bank.

22. On multiple occasions, Plaintiff answered.

23. Each time, Plaintiff was met by clear pause prior to being transferred to Midland Mortgage's collection agent.

24. Feeling hassled, in October 2019, Plaintiff finally told Midland Mortgage that they need to stop calling; that these phone calls were overwhelming.

25. Unfortunately, Plaintiff continues to receive phone calls from (800) 552-3000 – number leading back to Midland Mortgage – at an alarmingly high rate.

26. For example, between January 23, 2020 and January 25, 2020, Plaintiff received 10 phone calls:

>January 23, 2020 at 2:05 PM
>January 23, 2020 at 3:38 PM
>January 23, 2020 at 4:39 PM
>January 24, 2020 at 7:49 AM
>January 24, 2020 at 9:22 AM
>January 24, 2020 at 9:22 AM
>January 24, 2020 at 9:23 AM
>January 24, 2020 at 5:48 PM
>January 25, 2020 at 9:14 AM
>January 25, 2020 at 9:14 AM

27. This includes multiple phone calls in 1-2 minute periods.

28. MidFirst Bank's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his

cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that MidFirst Bank's unlawful collection practices stopped.

30. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys as direct result of MidFirst Bank's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. MidFirst Bank placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. Upon information and belief, based on the "clear pause" Plaintiff experienced, MidFirst Bank employed an ATDS to place calls to Plaintiff's cellular telephone.

33. Upon information and belief, the ATDS employed by MidFirst Bank transfers the call to a live representative once a human voice is detected, hence the clear pause.

34. Upon information and belief, the ATDS employed by MidFirst Bank has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. Upon information and belief, MidFirst Bank acted through its agents, employees, and/or representatives at all times relevant.

36. As a result of MidFirst Bank's violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

37. As a result of MidFirst Bank's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that MidFirst Bank violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

40. MidFirst Bank violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

41. MidFirst Bank's intent to harass is evidenced by calling several times in an 1-to-2 minute time period.

42. MidFirst Bank's intent to harass is additionally evidenced by making phone calls as early as 7:49 AM to Plaintiff.

43. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that MidFirst Bank violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 29, 2020								Respectfully submitted,

**DEBRA D. WILLIAMS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com